UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOROTHY I. SHAWL,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 3:17-CV-05058-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff Dorothy I. Shawl filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

  After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to properly consider the medical opinion evidence of physicians Drs. J. Dalton, M.D. and Paul Seville, M.D. Had the ALJ properly considered the opinions of these two

1 doctors, the residual functional capacity ("RFC") may have included additional limitations. The
2 ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to
3 sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security
4 ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 21, 2013, Plaintiff filed applications for DIB and SSI, alleging disability as of February 13, 2013. *See* Dkt. 10, Administrative Record ("AR") 19. The application was denied upon initial administrative review and on reconsideration. *See* AR 19. A hearing was held before ALJ Cynthia D. Rosa on February 3, 2015. *See* AR 36-60. In a decision dated May 21, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 19-29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in: (1) evaluating the medical evidence; (2) discounting Plaintiff's credibility; (3) rejecting lay witness evidence; (4) assessing Plaintiff's RFC; (5) finding Plaintiff could perform her past relevant work; and (6) finding Plaintiff could perform other jobs existing in significant numbers in the national economy. Dkt. 12, pp. 1-2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ incorrectly interpreted the medical evidence.**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750 ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

A. <u>Dr. J. Dalton, M.D.</u>

Plaintiff alleges the ALJ failed to provide legally sufficient reasons for giving little weight to the July 15, 2013 opinion of Dr. Dalton. *See* Dkt. 12, 6-8. After reviewing Plaintiff's medical records, Dr. Dalton found Plaintiff cannot perform even sedentary work. *See* AR 523.

Dr. Dalton also found Plaintiff (1) has marked postural limitations, (2) is markedly limited in her ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, and (3) is markedly limited in her ability to perform routine tasks without undue supervision. AR 523.

In considering Dr. Dalton's opinion, the ALJ stated, in full:

> Little weight is given to the July 15, 2013 review of medical evidence from Washington Department of Social and Health Services (DSHS) physician J. Dalton, MD. Dr. Dalton's opinion that the claimant is unable to perform even sedentary exertional activity, and has marked postural restrictions, is contradicted by more recent medical treatment notes showing the claimant able to shop all day, and perform household chores for hours at a time.

AR 26-27 (internal citations omitted).

The ALJ's sole reason for giving little weight to Dr. Dalton's opinon is because the opinion is contradicted by Plaitniff's daily activities as noted in more recent treatment notes. AR 26-27. The ALJ, however, does not adequately explain how Dr. Dalton's opinion is contradicted by more recent medical treatment notes. *See id.*; *see also Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). The ALJ does not explain what part of Dr. Dalton's opinion is inconsistent with which reported daily activity, or in what way they are inconsistent. *See* AR 26-27. For example, the ALJ does not explain how Plaintiff's reported shopping activity contradicts Dr. Dalton's finding of Plaintiff's inability to perform even sedentary work. *See* AR 26-27, 523. Without an explanation regarding how portions of Dr. Dalton's opinion are inconsistent with Plaintiff's daily activities recorded in more recent medical treatment notes, the Court is unable to assess the ALJ's decision to assign the opinion little weight. Thus, this decision by the ALJ is conclusory. *See Embrey*, 849 F.2d at 421-22. Therefore, the Court finds

the noted inconsistencies are not a valid reason for discounting Dr. Dalton's opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

Even if the ALJ had been clear about how part of Dr. Dalton's medical opinion was inconsistent with more recent medical treatment notes, the ALJ did not address all relevant aspects of the relied-upon records. *See* AR 26-27. The records indicate Plaintiff's daily activities, particularly shopping and household chores, were performed in a limited fashion and caused additional pain. *See* AR 961, 988, 1008, 1017; *see also Hutchinson v. Colvin*, 2016 WL 6871887, *4 (W.D. Wash., Nov. 22, 2016, J. Creatura) (noting the ALJ's treatment of the evidence of record suggested improper "cherry-picking" to support the ALJ's decision "while failing to address aspects of the record supporting a finding of severe limitations"); *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not reject significant probative evidence without explanation").

As to household chores, on December 15, 2014, Plaintiff reported she "did a few chores that afternoon." AR 961. As to shopping, on September 16, 2014, Plaintiff reported "walk[ing] all through Walmart and the grocery store." AR 1008. On October 10, 2014, Plaintiff reported "she had been shopping, leaning on cart, all day," and on December 15, 2014, Plaintiff reported she had been "xmas shopping on Friday." AR 961, 988. However, after the Christmas shopping, Plaintiff reported "more back pain and pain all over." AR 961. On the day she reported shopping by way of leaning on a cart, she presented with "still pretty severe" upper back pain. AR 988. On the day she reported walking through Walmart and the grocery store, she presented with "chronic back pain" and a "new pain in her upper/mid back." AR 1008. She also stated she had done "more walking than normal." *Id.* On three of these four clinical visits, the primary medical

reason was back pain. *See* AR 988, 1008, 1017. On all four visits she reported extensively on back pain. *See* AR 961, 988, 1008, 1017.

The Court also notes the ALJ erred in not providing any rationale for rejecting Dr. Dalton's finding of marked non-exertional limitations regarding her ability to (1) perform activities within a schedule, (2) maintain regular attendance and be punctual within customary tolerances, and (3) in her ability to perform routine tasks without undue supervision. *See* AR 26-27; *see also* Dkt. 12, p.7. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores* 49 F.3d at 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

The ALJ did discuss some of Dr. Dalton's findings, as explained above, but failed to discuss the marked non-exertional limitations in her ability to perform work activities. *See* AR 26-27; *see also* discussion *supra*. Dr. Dalton's opinion as to Plaintiff's non-exertional limitations in her ability to perform work activities is related to her ability to be employed, and this evidence is therefore significant and probative. The ALJ gave little weight to Dr. Dalton's opinion, selectively reading the doctor's notes only to conclude Plaintiff is "able to shop all day, and perform household chores for hours at a time." AR 27. The ALJ did not, however, discuss plaintiff's marked non-exertional limitations opined by Dr. Dalton regarding her ability to (1) perform activities within a schedule, (2) maintain regular attendance and be punctual within customary tolerances, and (3) in her ability to perform routine tasks without undue supervision. *See* AR 23-27. Further, the ALJ did not include these opined limitations in the RFC. *See* AR 23. Because the ALJ's decision is silent as to Dr. Dalton's opinion regarding non-exertional

functional limitations, the Court cannot determine if the ALJ properly considered the opined limitations or simply ignored the evidence. *See* AR 23-27.

In conclusion, the ALJ failed to clearly articulate her reasons for giving little weight to Dr. Dalton's July 2013 opinion and also failed to discuss significant probative evidence. For these reasons, the ALJ did not provide specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Dalton's July 2013 opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered Dr. Dalton's opinion, she may have included non-exertional limitations in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), Steve Duchesne. For example, Dr. Dalton opined Plaintiff is markedly limited in her ability to (1) perform activities within a schedule, (2) maintain regular attendance and be punctual within customary tolerances, and (3) in her ability to perform routine tasks without undue supervision. AR 523. The RFC did not contain any non-exertional limitations. *See* AR 23. If the non-exertional limitations were included in the RFC and hypothetical questions, the

ultimate disability determination may change. Therefore, the ALJ's error is not harmless and requires reversal.

B. Dr. Paul Z. Seville, M.D.

Plaintiff contends the ALJ erred when she failed to properly consider Dr. Seville's opinion regarding Plaintiff's maximum standing and walking capacity. *See* Dkt. 12, p. 5. Defendant asserts the ALJ incorporated Dr. Seville's opined standing and walking limitations in the RFC. Dkt. 13, pp. 6-7.

On September 27, 2013, Dr. Seville examined Plaintiff and reviewed her medical records. AR 593-97. He opined, in relevant part, that Plaitniff's "maximum standing and walking capacity is limited to less than two hours." AR 596. The ALJ assigned some weight overall to Dr. Seville's opinion. AR 26. The ALJ did not, however, discuss Dr. Seville's opinion that Platiniff's ability to stand and walk was limited to less than two hours.[1] *See* AR 26. Further, in the RFC, the ALJ included a limitation that Plaitniff can "stand up to 2-hours, and walk up to 2-hours;" rather than stand and walk for *less* than two hours. AR 23.

Because the ALJ did not discuss Dr. Seville's opinion regarding Plaintiff's standing and walking limitations and the limitations in the RFC do not mirror Dr. Seville's findings, the Court cannot determine if the ALJ properly considered Dr. Seville's opinion regarding Plaitniff's standing and walking limitations or simply ignored the evidence. On remand, the ALJ must re-assess Dr. Seville's opinion and state with specificity her findings regarding regarding Dr. Seville's standing and walking limitations.

---

[1] The ALJ found Dr. Seville's opinion that Plaintiff should not climb, can occasionally stoop, kneel and crouch, and would have no limitations on sitting was "consistent with the evidence as a whole." AR 26. The ALJ determined Dr. Seville's finding regarding Plaintiff's maximum lift and carry ability to be excessive "in lieu of the claimant's spinal impairments and symptomatic back pain." AR 26 (ALJ stating Dr. Seville's opinion that Plaintiff could lift and carry up to 50 pounds occasionally and 25 pounds frequently is excessive).

**II. Whether the ALJ provided sufficient reasons for discrediting lay witness and Plaintiff testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations, and failed to provide germane reasons for discounting the lay witness testimony. Dkt. 12, pp. 8-14. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence. *See supra* Section I. Because the ALJ's reconsideration of the medical opinion evidence may impact her assessment of Plaintiff's subjective testimony and lay witness testimony, the ALJ must reconsider it on remand.

**III. Whether the ALJ erred in finding the Plaintiff not disabled at Steps 4 and 5.**

Plaintiff also maintains the ALJ erred by finding Plaintiff can perform her past relevant work, and other work existing in significant number in the national economy, as such work is defined in the Dictionary of Occupational Titles ("DOT"). Dkt. 12, pp. 3-4. Specifically, Plaintiff contends the ALJ committed harmful error because a hypothetical question with the ALJ's RFC finding was not offered to the VE. [2] *See id.*

Regardless of whether the ALJ erred at Steps 4 and 5, the ALJ committed harmful error when she did not properly consider the medical evidence. *See supra* Section I. As the ALJ must re-assess Plaintiff's RFC on remand, she must also re-evaluate the findings at Steps 4 and 5 to determine if Plaintiff can perform her past relevant work, or if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the re-assessed RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the VE defective when the ALJ did not properly consider a doctor's findings).

---

[2] The hypothetical question posed to the VE is inconsistent with the RFC. The RFC states Plaintiff can lift less than 10 pounds frequently; however, the hypothetical posed to the VE states Plaintiff could lift and carry 10 pounds frequently. On remand, any hypothetical question posed to a VE should mirror the RFC. *See* AR 23, 56.

1 **IV. Whether the case should be remanded for an award of benefits.**

2 Plaintiff argues this matter should be remanded with a direction to award benefits. *See*

3 Dkt. 12, p.15. The Court may remand a case "either for additional evidence and findings or to

4 award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the

5 Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand

6 to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

7 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

8 determining when evidence should be credited and an immediate award of benefits directed[.]"

9 *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded

10 where:

11 > (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved
12 > before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such
13 > evidence credited.

14 *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

15 The Court has determined the ALJ must re-evaluate the medical opinions of Drs. Dalton

16 and Seville, Plaintiff's testimony, lay witness testimony, and pose a hypothetical question to the

17 testifying VE that accurately reflects Plaintiff's RFC. Therefore, because outstanding issues must

18 be resolved, remand for further administrative proceedings is appropriate.

19 CONCLUSION

20 Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

21 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

22

23

24

this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 22nd day of September, 2017.

*David W. Christel*
United States Magistrate Judge